Dolores S. **Willbanks**,
Plaintiff/Appellee,
v.
Francisco B. **Stein**, Jesus B. Stein,
Olympia R. Sablan, Antonia R.
Tenorio and Richard B. Stein,
Defendants/Appellants.
Appeal No. 93-036
Civil Action No. 91-0337
November 8, 1994

---

195

Argued and Submitted July 13, 1994

Counsel for appellants: Juan T. Lizama, Saipan.

Counsel for appellee: James H. Grizzard, Saipan.

BEFORE: DELA CRUZ, Chief Justice, and VILLAGOMEZ and ATALIG, Justices.

DELA CRUZ, Chief Justice:

This case relates to inheritance rights, under Chamorro custom, of children born out of wedlock. Certain heirs of Juan Stein ("Stein"), deceased, appeal from a judgment in favor of Dolores Willbanks ("Willbanks"), who allegedly is Stein's child born outside of marriage. Willbanks sued for a share in Stein's estate. The trial court held that Willbanks is Stein's child born out of wedlock and, therefore, was entitled to share equally in the assets of Stein's estate. Because the trial court erroneously relied on a statutory provision as "custom," we reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Willbanks was born in May 1937. Her mother, Maria Santos, left Saipan in 1940 and was never heard from again. Willbanks alleges in her complaint that she is Stein's biological daughter. She was raised by her maternal grandparents.

Stein died intestate in July 1944 during the battle of Saipan. At his death he had seven children from his marriage to Maria Borja Stein. One of the seven died during childhood. Stein never acknowledged paternity of Willbanks during his lifetime. She was seven years old when Stein died.

At his death, Stein owned a certain parcel of land on Saipan which was subsequently exchanged for 13.88 hectares of land in Talofofo, Saipan ("the Talofofo land").

On May 21, 1990, Francisco, one of Stein's children, petitioned the court for letters of administration. Willbanks was not notified of the probate action.

On November 6, 1990, the trial court issued a decree of final distribution distributing the Talofofo land to "the heirs of Juan Delos Reyes Stein per stirpes." Upon learning of the decree, Willbanks filed this action to re-open the probate of the estate.

The trial court ruled that Chamorro custom controls this case. It turned to 8 CMC §§ 2107(c) and 2918(b)(2) "as the best evidence of applicable Chamorro custom." *Willbanks v. Stein*, Civ. No. 91-0337 (N.M.I. Super. Ct. July 19, 1993) (decision and order at 3). The court concluded that pursuant to these statutory provisions a child born out of wedlock bears the burden of proving

"by clear and convincing evidence" that he or she is the daughter or son of the putative father. *Id.* at 4. The court held that Willbanks met this burden and, therefore, was entitled to inherit from Stein's estate. *See id.*

## II. ISSUE AND STANDARD OF REVIEW

■ We are asked to determine whether the trial court applied the correct Chamorro custom regarding paternity in the context of inheritance rights of children born out of wedlock.

This issue presents a question of law. Our review is de novo. *In re Estate of Barcinas*, 4 N.M.I. 149, 151 (1994).

## III. ANALYSIS

■ Stein died before February 15, 1984, the effective date of the NMI probate code. 8 CMC § 2102. Therefore, the probate code does not apply to this case. *See id.* Title 13 of the Trust Territory Code has no applicable provision. *See* 8 CMC § 2102; 13 TTC §§ 1-55 (1980 Ed.). Because there is no statutory law on the issue of the inheritance rights of children born out of wedlock, the trial court correctly turned to Chamorro custom. *See Barcinas*, 4 N.M.I. at 152.

■ The appellants contend, however, that the trial court did not apply the correct Chamorro custom. They state the following as the applicable custom: "[A] child born out of wedlock may not receive an intestate share of his or her father's estate unless the father acknowledged paternity or did some overt act(s) which show he accepted the child as his own." Appellants' Brief at 8-9.[1] Under this custom, the appellants argue that Willbanks is not entitled to inherit because Stein never acknowledged that Willbanks was his child.

Willbanks, on the other hand, asserts that the trial court applied the correct custom. Relying on *In re Estate of Aldan*, 2 N.M.I. 288 (1991), the trial court determined that probate code §§ 2107(c) and 2918(b)(2) are "the best evidence of applicable Chamorro custom." *Willbanks*, *supra*, decision and order at 3. We note that the trial

court was cognizant that these provisions were not directly applicable to this case because Stein died well before 1984. *See* 8 CMC § 2102.

In *Aldan*, we stated that:

Under Chamorro custom, an illegitimate child ordinarily inherits from his or her natural father. *See*[] [Alexander] Spoehr, SAIPAN: THE ETHNOLOGY OF A WAR-DEVASTATED ISLAND[] 141 (Chicago Natural History Museum, [Fieldiana: Anthropology, vol. 41,] 1954). Such custom has been codified in our Probate Code, which expressly grants illegitimate children the right to inherit from their natural father. 8 CMC §§ 2107(c)[2] and 2918(b)(2).[3]

2 N.M.I. at 298.

Eight CMC § 2918(b)(2), the probate code provision relied upon by the trial court, has two parts. The first is not applicable because there was no adjudication of paternity made before Stein's death.

The second part provides the standard of proof required to establish paternity after the alleged father's death. In context, this part provides that "a person born out of wedlock" is the "child of the father" if "paternity" is established by "clear and convincing proof." 8 CMC § 2918(b). The trial court decided that the establishment of paternity by clear and convincing proof is the Chamorro custom that applies to this case. The court apparently presumed that under Chamorro custom a child

---

[2] Eight CMC § 2107(c) provides:

"Child" includes any individual entitled to take as a child under this law by intestate succession from the parent whose relationship is involved. It includes adopted children and children born out of wedlock, and excludes any person who is only a stepchild, a foster child, a grandchild or any more remote descendant.

[3] Eight CMC § 2918(b) provides, in part:

In cases not covered by (a), above, a person born out of wedlock is a child of the mother. That person is also a child of the father, if:

. . . .

(2) the paternity is established by an adjudication before the death of the father or is *established thereafter by clear and convincing proof*

. . . .

(Emphasis added.)

---

[1] We note that evidence of the Chamorro custom proffered to this Court by the appellants was not presented to the trial court or set forth in Alexander Spoehr, SAIPAN: THE ETHNOLOGY OF A WAR-DEVASTATED ISLAND (Chicago Natural History Museum, Fieldiana: Anthropology, vol. 41, 1954). Further, the unpublished Trust Territory opinion cited by the appellants which purportedly establishes this custom is of no precedential value to this Court.

born out of wedlock is eligible to inherit, once paternity is proven by clear and convincing evidence.

■ The trial court based its ruling on *Aldan*. *Aldan*, however, does not state that under Chamorro custom a child born out of wedlock is eligible to inherit once there is clear and convincing proof of his or her paternity. It simply states that children born out of wedlock "ordinarily" inherit from the natural father under Chamorro custom.

Neither *Aldan* nor the probate code, however, set forth a specific Chamorro custom on whether or how and when a child born out of wedlock can show that he or she is entitled to inherit from his or her natural father. Eight CMC § 2918(b)(2), relied upon by the trial court, establishes a standard of proof of paternity, not custom. Further, it is erroneous to read *Aldan* as establishing a Chamorro custom pertaining to inheritance rights of children born out of wedlock.

Because the trial court misread *Aldan*, it erred in stating that 8 CMC § 2918(b)(2) reflects the applicable Chamorro custom.

## IV. CONCLUSION

Accordingly, we **REVERSE** the trial court's judgment and **REMAND** this matter for the trial court to reconsider the question of inheritance rights of children born out of wedlock under Chamorro custom.

On remand, the trial court should determine whether sufficient evidence was presented as to Chamorro custom on the establishment of paternity in the context of inheritance rights, and then determine if any such custom exists. It may allow the parties to present additional evidence and argument about Chamorro custom on inheritance rights of children born out of wedlock.